NF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

JUL 15 2014 mp

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

JASON M. GONZALEZ #2009-0008062
CHARLES F. P. BOCOCK #2013-00004521
ADAM M. LANDERMAN #2013-00000198
FRED JOHNSON #2009-0004050
BAHAA A. SAM #2012-00009956
BRIAN TRAINAUSKAS #2009-0000707
(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No. **14 CV 4366**
(To be supplied by the <u>Clerk of this Court</u>)

MICHAEL F. O'LEARY
BRIAN FINK
(Enter above the full name of ALL
defendants in this action. <u>Do not</u>
use "et al.")

**AMENDED COMPLAINT**

**CHECK ONE ONLY:**

**X**     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42, SECTION 1983**
**U.S. Code** (state, county or municipal defendants)

**COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

**OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I. **Plaintiff(s):**

A. Name: JASON M. GONZALEZ

B. List all aliases: N/A

C. Prisoner identification number: 2009-0008062

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: MICHAEL F. O'LEARY

Title: WARDEN

Position: WILL COUNTY ADULT DETENTION FACILITY

B. Defendant: BRIAN FINK

Title: DEPUTY CHIEF

Position: WILL COUNTY ADULT DETENTION FACILITY

C. Defendant:

Title:

Position:

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

A. Name: CHARLES F. P. BOCOCK

B. List all aliases: N/A

C. Prisoner identification number: 2013-00004521

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A. Name: ADAM M. LANDERMAN

B. List all aliases: N/A

C. Prisoner identification number: 2013-00000198

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A. Name: FRED JOHNSON

B. List all aliases: N/A

C. Prisoner identification number: 2009-0004050

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A. Name: BAHAA A. SAM

B. List all aliases: N/A

C. Prisoner identification number: 2013-00009956

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3

A. Name: BRIAN TRAINAUSKAS

B. List all aliases: N/A

C. Prisoner identification number: 2009-0000707

D. Place of present confinement: WILL COUNTY ADULT DETENTION FACILITY

E. Address: 95 SOUTH CHICAGO STREET, JOLIET, IL 60436

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

    A.    Name of case and docket number:
          Jason M. Gonzalez v. Khalid Mehmood et al. 11 L 0364

    B.    Approximate date of filing lawsuit:
          05/12/2011

    C.    List all plaintiffs (if you had -co-plaintiffs) including any aliases:
          N/A

    D.    List all defendants:
          Khalid Mehmood
          Nicole Ohlund
          Speedway Super America Inc.

    E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
          Twelfth Judicial Circuit Court of Will County

    F.    Name of judge to whom case was assigned:
          Marzell Richardson, Jr.

    G.    Basic claim made:
          Conspiracy, Negligence, False Arrest

    H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
          Dismissed Pursuant to Settlement

    I.    Approximate date of disposition?:
          10/25/2012

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

A. Name of case and docket number:
  Jason M. Gonzalez v. Daniel Troike et al. 11 L 0597

B. Approximate date of filing lawsuit:
  07/22/2011

C. List all plaintiffs (if you had -co-plaintiffs) including any aliases:
  N/A

D. List all defendants:
  Daniel Troike
  Vernon Reed
  Lieutenant Carlisle
  Will County Sheriff's Department

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
  Twelfth Judicial Circuit Court of Will County

F. Name of judge to whom case was assigned:
  Marzell Richardson, Jr.

G. Basic claim made:
  Conspiracy, Negligence, Loss of Consortium

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
  Dismissed

I. Approximate date of disposition?:
  01/17/2012

A.    Name of case and docket number:
        Jason M. Gonzalez v. Saad Noah 11 SC 6508

B.    Approximate date of filing lawsuit:
        08/03/2011

C.    List all plaintiffs (if you had -co-plaintiffs) including any aliases:
        N/A

D.    List all defendants:
        Saad Noah

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
        Twelfth Judicial Circuit Court of Will County

F.    Name of judge to whom case was assigned:
        Marzell Richardson, Jr.

G.    Basic claim made:
        Conversion, Defamation

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
        Voluntary Dismissal

I.    Approximate date of disposition?:
        01/13/2012

7

A.     Name of case and docket number:
       Jason M. Gonzalez v. Deputy Wolfe 11 SC 10341

B.     Approximate date of filing lawsuit:
       12/15/2011

C.     List all plaintiffs (if you had -co-plaintiffs) including any aliases:
       N/A

D.     List all defendants:
       Will County Sheriff's Deputy Wolfe

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
       Twelfth Judicial Circuit Court of Will County

F.     Name of judge to whom case was assigned:
       Marzell Richardson, Jr.

G.     Basic claim made:
       Negligence

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
       Voluntary Dismissal

I.     Approximate date of disposition?:
       06/08/2012

A.    Name of case and docket number:
      Jason M. Gonzalez v. Michael F. O'Leary 12 L 0194

B.    Approximate date of filing lawsuit:
      03/09/2012

C.    List all plaintiffs (if you had -co-plaintiffs) including any aliases:
      N/A

D.    List all defendants:
      Michael O'Leary

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
      Twelfth Judicial Circuit Court of Will County

F.    Name of judge to whom case was assigned:
      Marzell Richardson, Jr.

G.    Basic claim made:
      Negligence

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
      Voluntary Dismissal

I.    Approximate date of disposition?:
      10/12/2012

A. Name of case and docket number:
   Jason M. Gonzalez v. Correct Care Solutions LLC. et al. 12 L 0195

B. Approximate date of filing lawsuit:
   03/09/2012

C. List all plaintiffs (if you had -co-plaintiffs) including any aliases:
   N/A

D. List all defendants:
   Correct Care Solutions LLC.
   Will County Adult Detention Facility

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
   Twelfth Judicial Circuit Court of Will County

F. Name of judge to whom case was assigned:
   Marzell Richardson, Jr.

G. Basic claim made:
   Negligence

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
   Voluntary Dismissal

I. Approximate date of disposition?:
   10/12/2012

A.  Name of case and docket number:
      Jason M. Gonzalez et al. v. Michael F. O'Leary et al. 13 CH 3447

B.  Approximate date of filing lawsuit:
      10/25/2013

C.  List all plaintiffs (if you had -co-plaintiffs) including any aliases:
      Charles F. P. Bocock (subsequently removed)

D.  List all defendants:
      Michael F. O'Leary
      Brian Fink

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
      Twelfth Judicial Circuit Court of Will County

F.  Name of judge to whom case was assigned:
      Roger Rickman

G.  Basic claim made:
      Injunction – Mandamus

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
      Pending

I.  Approximate date of disposition?:
      N/A

A.     Name of case and docket number:
          Jason M. Gonzalez v. Kimberly R. Gonzalez 11 CV 5780

B.     Approximate date of filing lawsuit:
          09/30/2011

C.     List all plaintiffs (if you had -co-plaintiffs) including any aliases:
          N/A

D.     List all defendants:
          Kimberly R. Gonzalez

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
          United States District Court, Northern District of Illinois, Eastern Division

F.     Name of judge to whom case was assigned:
          Blanche M. Manning

G.     Basic claim made:
          42 U.S.C. § 1983

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
          Dismissed

I.     Approximate date of disposition?:
          11/21/2011

A.     Name of case and docket number:
           Jason M. Gonzalez v. Michael F. O'Leary 12 CV 8167

     B.     Approximate date of filing lawsuit:
           11/06/2012

     C.     List all plaintiffs (if you had -co-plaintiffs) including any aliases:
           N/A

     D.     List all defendants:
           Michael F. O'Leary

     E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
           United States District Court, Northern District of Illinois, Eastern Division

     F.     Name of judge to whom case was assigned:
           Rebecca R. Pallmeyer

     G.     Basic claim made:
           42 U.S.C. § 1983

     H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
           Voluntary Dismissal and Joinder with 13 CV 7240

     I.     Approximate date of disposition?:
           N/A

**13**

A.  Name of case and docket number:
    Jason M. Gonzalez v. Correctional Officer Disera 13 CV 1467

B.  Approximate date of filing lawsuit:
    02/25/2013

C.  List all plaintiffs (if you had -co-plaintiffs) including any aliases:
    N/A

D.  List all defendants:
    John Disera
    Brian Fink (subsequently dismissed)

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
    United States District Court, Northern District of Illinois, Eastern Division

F.  Name of judge to whom case was assigned:
    Rebecca R. Pallmeyer (subsequently transferred to Andrea R. Wood)

G.  Basic claim made:
    42 U.S.C. § 1983

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
    Pending

I.  Approximate date of disposition?:
    N/A

A.      Name of case and docket number:
        Jason M. Gonzalez v. Pat Quinn, etc., et al. 13 CV 7235

B.      Approximate date of filing lawsuit:
        10/08/2013

C.      List all plaintiffs (if you had -co-plaintiffs) including any aliases:
        N/A

D.      List all defendants:
        Pat Quinn
        Lisa Madigan
        James W. Glasgow

E.      Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
        United States District Court, Northern District of Illinois, Eastern Division

F.      Name of judge to whom case was assigned:
        Rebecca R. Pallmeyer (subsequently transferred to Andrea R. Wood)

G.      Basic claim made:
        42 U.S.C. § 1983 and 28 U.S.C. § 1331

H.      Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
        Dismissed

I.      Approximate date of disposition?:
        N/A

A.    Name of case and docket number:
      Jason M. Gonzalez et al. v. Michael F. O'Leary 13 CV 7240

B.    Approximate date of filing lawsuit:
      10/08/2013

C.    List all plaintiffs (if you had -co-plaintiffs) including any aliases:
      Charles F. P. Bocock

D.    List all defendants:
      Michael F. O'Leary
      Brian Fink

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county):
      United States District Court, Northern District of Illinois, Eastern Division

F.    Name of judge to whom case was assigned:
      Rebecca R. Pallmeyer (subsequently transferred to Andrea R. Wood)

G.    Basic claim made:
      42 U.S.C. § 1983

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?):
      Pending

I.    Approximate date of disposition?:
      N/A

16

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

## STATEMENT OF FACTS

Plaintiffs are currently incarcerated in the Will County Adult Detention Facility (WCADF) located at 95 South Chicago Street, Joliet, IL, 60436. In all instances the plaintiffs are pre-trial detainees.

1) In the WCADF are fifteen housing units which are called "pods". In pods G, H, I, J, K, L, cells contain bunk beds which are situated in the back of the cell area and are stacked two beds to a cell, one bunk being directly overhead of another. The top bunk is approximately six feet off the floor, constructed of metal and bolted into the wall. The top bunk has no ladder or steps in which a detainee can utilize to climb onto the bunk. The detainee is forced to use a metal stool and table which are bolted into the ground and wall respectively. The metal stool stands approximately two feet off the ground and the metal table stands approximately four feet off the ground. The surfaces of the stool and table are polished stainless steel which makes the surfaces extremely slick and difficult to traverse. Several of the plaintiffs are currently, or have been previously, forced to use the stool and table to climb onto the top bunk, and have slipped or fallen at least one time due to the slick surface and lack of traction. The plaintiffs lack adequate footwear to gain proper traction as the shoes issued to detainees are made of smooth rubber material and have no grip on smooth surfaces. Additionally, forcing plaintiffs and fellow detainees to utilize a table, as opposed to an appropriate ladder or step, to climb to the top bunk creates the hazard of severe injury should the detainee slip or fall. The lack of adequate climbing apparatuses also makes it extremely difficult to reach the top bunk as the stool and table are located at a 90 degree angle to the bunk which leaves only a minimal amount of room to maneuver. The metal lip on the top bunk, which is raised approximately four inches and which is located on the front of the bunk, also causes pain in the detainees hands and knees from being forced to put weight on the body parts which come into contact with it, often times at odd angles or in precarious positions.

The apparatuses available to the detainees at the WCADF to utilize are completely inadequate and wholly unsuitable for safe ingress and egress to the top bunk. Moreover, the detainees are forced to use a stool and table which are not designed to be climbed on, and which in itself is a violation of the WCADF rules (unauthorized use of facility equipment). The hazardous situation created by the lack of an appropriate climbing apparatus to reach the top bunks puts the plaintiffs and all WCADF detainees at risk of severe injury, causes needless pain and strain on the detainees bodies, and is in violation of the Plaintiffs' fourteenth amendment rights.

2) The WCADF has a policy that requires all books sent to detainees to include a packing slip: "You will not receive books and magazines without a packing slip from the distributors" (WCADF Inmate Handbook 2012 Edition). If a book order received from a legitimate publisher or vendor does not include a packing slip, even when it is clearly recognizable as originating

from an approved book publisher or vendor, then the book is placed into the detainees' property and is only available to the detainee upon release from the Facility. This policy is overbroad and served no legitimate penological or security interest. It is also unduly burdensome on the plaintiffs' ability to receive literature and reading materials.

By requiring book orders to contain a packing slip, the WCADF violates the first and fourteenth amendment rights of the plaintiffs.

3) The WCADF regularly delays non-legal mail deliveries to detainees by several weeks, sometimes even after the mail has been recorded as delivered into the Facility. Delays of 3 weeks have been suffered by the plaintiffs on multiple occasions. This is also in violation of the Illinois County Jail Standards which require that mail be delivered "promptly" to detainees, and the American Correctional Association Standards, by which the WCADF was accredited, which require that mail be delivered within "24 hours" during the week.

By regularly delaying mail to detainees by up to 3 weeks at a time the WCADF violates the first and fourteenth amendment rights of the plaintiffs.

4) The WCADF has a policy which prohibits receipt of "literature describing sexual acts" (WCADF Inmate Handbook 2012 Edition). The book carts in the detainee cell blocks contain literature from the Facility's library includes a great number of novels containing descriptions of sexual acts, including Harlequin romance novels and *Fifty Shades of Gray*. The Facility's prohibition on "literature describing sexual acts" serves no legitimate penological or security interests, and is overbroad in scope and meaning.

By prohibiting receipt of publications describing sexual acts, the WCADF violates the first and fourteenth amendment rights of the plaintiffs.

5) The WCADF has a property storage room that contains property that has been taken from detainees or has been temporarily stored by detainees or facility staff. Detainee property is regularly lost, stolen or destroyed from property storage. On many occasions plaintiffs' books, and especially magazines, have been taken from them and subsequently lost or been stolen from the property department.

By allowing plaintiffs' property to be lost, stolen or destroyed the WCADF violates the fourteenth amendment rights of the plaintiffs.

6) The WCADF has a policy which allows only commissary-purchased food items (e.g. chips and crackers) to be stored in cells. The same sealed food items (e.g. chips and crackers) given to detainees at lunch and dinner are not allowed to be stored in cells. There being no distinct difference from these items served on the issued lunch trays and the items purchased from the commissary, this rule served no legitimate penological or security interest. Additionally, by allowing only commissary-purchased food in cells, the WCADF is punishing those too poor to buy commissary items, especially considering the greater than 14 hour gap between dinner and breakfast meals.

This punishment violates the fourteenth amendment rights of the plaintiffs.

7) The WCADF has a policy which prohibits the receipt of mail and stationary supplies through the mail. This prohibition prevents detainees from receiving "free post" and other mail supplies sent by family, friends and charity organizations. This policy discriminates against detainees who are too poor to purchase stationary and mail supplies from the commissary. The ban on mail supplies serves no legitimate penological or security interests as detainees are allowed to possess these items within the Facility anyways.

The prohibition on receiving mail and stationary supplies through the mail is overbroad and unduly burdensome and violates the Plaintiffs' first, sixth and fourteenth amendment rights.

8) The WCADF has a policy which requires a court order to be granted before an attorney can visit their client at the Facility. This restriction makes it impossible for a detainee to see his attorney privately or on short notice, and restricts the detainees' access to discovery materials as those materials must remain in the possession of the attorney pursuant to Illinois Supreme Court Rule 415(c). This policy does not serve any legitimate penological or security concern.

This policy is unduly burdensome on the communication between plaintiffs and their attorneys, and violates their sixth and fourteenth amendment rights.

9) The WCADF does not allow radios to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own radios.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own radios. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own radios, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

10) The WCADF does not allow television sets to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own television sets.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own television sets. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own television sets, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

11) The WCADF does not allow tablet and laptop computers to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own tablet and laptop computers.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own tablet

and laptop computers. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own tablet and laptop computers, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

12) The WCADF does not allow digital audio players to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own digital audio players.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own digital audio players. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own digital audio players, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

13) The WCADF does not allow hotpots and hotplates (used to heat food and water) to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own hotpots and hotplates.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own hotpots and hotplates. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own hotpots and hotplates, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

14) The WCADF does not allow craft and hobby supplies (e.g. construction paper, safety scissors, tape, stickers, etc.) to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own craft and hobby supplies.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own craft and hobby supplies. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own craft and hobby supplies, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

15) The WCADF does not allow articles of clothing and shoes to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own articles of clothing and shoes.

Sentenced prisoners, for whom much institutional punishment can be considered to be within

the parameters of the imposed sentence of confinement, may regardless purchase and own articles of clothing and shoes. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own articles of clothing and shoes, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

16) The WCADF does not allow jewelry (e.g. wedding rings, watches, crosses, etc.) to be owned or purchased by detainees. Convicted prisoners housed in the Illinois Department of Corrections are allowed to purchase and own jewelry.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless purchase and own jewelry. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to purchase and own jewelry, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

17) The WCADF does not allow detainees to participate in higher educational programs (above high-school level), even when willing to purchase the courses and materials personally. Convicted prisoners housed in the Illinois Department of Corrections are allowed to participate in higher education programs, in most instances free of charge.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless participate in higher educational programs. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to participate in higher educational programs, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

18) The WCADF does not allow detainees to participate in vocational (technical) programs, even when willing to purchase the courses and materials personally. Convicted prisoners housed in the Illinois Department of Corrections are allowed to participate in vocational (technical) programs, in most instances free of charge.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless participate in vocational (technical) programs. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to participate in vocational (technical) programs, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

19) The WCADF does not allow detainees to participate in craft and hobby programs, even when willing to purchase the courses and materials personally. Convicted prisoners housed in the Illinois Department of Corrections are allowed to participate in craft and hobby programs, in

most instances free of charge.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless participate in craft and hobby programs. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to participate in craft and hobby programs, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

20) The WCADF does not allow detainees to access the internet or send or receive emails, even if such communications are monitored for security. Convicted prisoners housed in the Federal Department of Corrections are allowed to access the internet or send or receive emails, in most instances free of charge.

Sentenced prisoners, for whom much institutional punishment can be considered to be within the parameters of the imposed sentence of confinement, may regardless access the internet or send or receive emails. Plaintiffs, serving no sentence and being held for inordinately long periods of time –in some instances for more than five years – only to answer an accusation at trial, are subject to punishment by being denied the ability to access the internet or send or receive emails, simply by virtue of their status as pre-trial detainees, in violation of their fourteenth amendment rights.

21) The WCADF inmate handbook contains the rules which govern detainee conduct within the Facility. Many of the rules are vague and ambiguous in meaning, overbroad, and do not clearly establish what conduct or actions would constitute a violation of Facility rules and policies. The rules are utilized to abuse and mistreat detainees based on prejudices and conflicts which arise between officers and detainees. Many times rules are intentionally and maliciously misapplied causing detainees to be punished excessively, or for conduct which should not have constituted any violation.

The vague, ambiguous and overly broad rules contained in the WCADF inmate handbook make it impossible for detainees to understand what conduct or actions would constitute a violation, and therefore violates the fourteenth amendment rights of the plaintiffs.

22) The WCADF has a policy forbidding detainees from taking paperwork on visits to the contact and video visitation rooms, even when meeting with legal representatives. The Facility also forbids taking religious texts on visits, even when meeting with clergy and religious advisers.

The prohibition which fails to allow detainees to take legal paperwork and religious texts on visits with legal representatives and clergy is overbroad and serves no legitimate penological or security interest. This prohibition violates the plaintiffs' first, sixth and fourteenth amendment rights.

23) The WCADF has a policy forbidding detainees from possessing paperwork with other detainees names or signatures on it. This policy essentially forbids detainees from collecting peaceable petitions, addressed to the Facility administration, for the purpose of redressing grievances and

making their opinions known to the administration. It also effectively prohibits detainees from taking affidavits or declarations and witness statements from other detainees for court cases and lawsuits, interfering with the collection of discovery and the preservation of evidence.

This prohibition on detainees possessing paperwork with other detainees names or signatures on it is overbroad and serves no legitimate penological or security interest. This prohibition is in violation of the plaintiffs' first, sixth and fourteenth amendment rights.

24) The cells at the WCADF are constructed in such a method that the area which is designed for the detainee to sleep on is made of a concrete slab, approximately three feet off the floor and approximately two and one half feet by six feet long. The mattresses which are provided to the detainees to sleep on this area are constructed of a plastic and foam material which is too thin and too short to support the bodies of the detainees, which essentially forces the detainees to sleep on a concrete slab. This causes joint pain, severe discomfort, sleep deprivation, and other ailments which afflict the bodies of the detainees and cause them constant and throbbing aches and pains, amongst other problems.

Failing to provide detainees with a suitable mattress for the detainees on which to sleep, and by forcing them to sleep on mattresses which cause bodily aches and pains, violates the plaintiffs' fourteenth amendment rights.

25) The WCADF has a policy which prohibits receipt of hard-, leather-, or vinyl covered books: "You are allowed to receive paperback books" (WCADF Inmate Handbook 2012 Edition), even when sent directly from publishers and legitimate book vendors, even when there is no alternative soft-cover version available of the same publication, and even when the detainee would allow the covers to be removed. This is also the case in which Plaintiffs Gonzalez and Bocock cannot receive the New World Translation of the Holy Scriptures (NWT), which is the religious text of the Jehovah's Witnesses, because the covers of the NWT are made of a simulated leather material.

The prohibition on hard-, leather-, and vinyl-covered books is overbroad and unduly burdensome on the plaintiffs, serves no legitimate penological or security interest, and violates the plaintiffs' first and fourteenth amendment rights; and in the case of religious texts also violates their rights under the Protection of Religious Exercise in Land Use and by Institutionalized Persons Act.

26) The WCADF is constructed in such a way that all new pods (G, H, I, J, K, L) are designed to house two detainees to one cell, thus forcing both detainees to utilize one desk, one sink and one toilet. The space provided is not large enough to accommodate two detainees for extended periods of time–in some cases for five years or more. This also causes for unsanitary conditions of sink and toilet use, and leaves no privacy when one detainee must utilize the toilet, as the cell does not contain a privacy wall or screen which shields one detainee from the sight of the other.

Forcing unconvicted detainees to utilize the toilet in front of one another, not unlike animals confined in a zoo setting, and confining two detainees in one room or cell for these extensive periods of time, constitutes a fundamental denial of decency, privacy, personal security, and, simply, civilized humanity, in violation of the plaintiffs' fourteenth amendment rights.

**V.**     **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiffs Jason M. Gonzalez, Charles F. P. Bocock, Adam M. Landerman, Fred Johnson, Bahaa A. Sam, and Brian Trainauskas, pray this Honorable Court to issue an award in damages in the amount of fifty-million dollars ($50,000,000) that will fully and adequately compensate the Plaintiffs, declaratory and injunctive relief, costs and fees associated with prosecution of this case, together with costs of suit therein, and/or any other relief this Honorable Court deems just.

**VI.**     The plaintiff demands that the case be tried by a jury.     ☑ YES          ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this FOURTH day of JULY, 2014

*Adam M. Landerman*

(Signature of plaintiff or plaintiffs)

 JASON M. GONZALEZ #2009-0008062
CHARLES F. P. BOCOCK #2013-00004521
ADAM M. LANDERMAN #2013-00000198
FRED JOHNSON #2009-0004050
BAHAA A. SAM #2012-00009956
BRIAN TRAINAUSKAS #2009-0000707
(Print name)

**SEE ABOVE**
(I.D. Number)

WILL COUNTY ADULT DETENTION FACILITY
95 SOUTH CHICAGO STREET
JOLIET, IL 60436
(Address)